## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN LEE STEINMAN, | ) | |
| Petitioner, | ) | Civil Action No. 11-309 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SUPERINTENDENT HARLOW, <u>et al.</u>, | ) | |
| Respondents. | ) | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

### I.     RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

### II.     REPORT

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Justin Lee Steinman pursuant to 28 U.S.C. § 2254.  He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Warren County on May 8, 2009, at Criminal Docket No. 460 of 2008.

### A.     Relevant Background[1]

At the Court of Common Pleas' Criminal Docket No. 460 of 2008, Petitioner was charged with, *inter alia*, Causing or Risking a Catastrophe and Recklessly Endangering Another Person as a result of an investigation where he was found to have manufactured and detonated a pipe bomb.  At another Criminal Docket, No. 339 of 2008, he was charged with Defiant Trespass.  That charge arose as a result of Petitioner entering a residence that he was no longer privileged to enter.  The police first found

---

[1]     Respondents have submitted the Common Pleas Court's file for Criminal Docket 460 of 2008.

evidence related to Petitioner's involvement in the manufacturing and detonation of the pipe bomb when they responded to the complaint that he had committed a home invasion at a residence located at 31 South Street, Warren, Pennsylvania. See 8/28/08 Affidavit of Probable Cause. As Respondents explain it, the charges at Criminal Docket No. 460 of 2008 came about during the investigation of the charges at Criminal Docket No. 339 of 2008.

Bernard T. Hessley, Esquire, was Petitioner's defense counsel at Criminal Docket No. 460 of 2008. On March 23, 2009, Petitioner entered a *nolo contendere* plea to Counts 11 and 12 (Risking a Catastrophe) and Count 18 (Recklessly Endangering Another Person). The Commonwealth *nolle prossed* the remaining claims.

On May 8, 2009, the Common Pleas Court sentenced Petitioner to a term of 27-72 months of imprisonment. Petitioner did not file post-sentence motions or a direct appeal to the Superior Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around June 8, 2009, the date the time for filing a direct appeal expired. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(a); Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 646 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). See, e.g., Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Petitioner had one year from the date his judgment of sentence became final to file a motion for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. § 9545(b). He did not file a PCRA motion.[2]

---

[2] In October 2011, Petitioner filed in the Court of Common Pleas a "Pro Se Petition to Vacate Judgment For Prosecution Barred By Former Prosecution Pursuant to 18 Pa.C.S.A. sec. 110." [ECF No. 3-1 at 1-27]. That court's docket sheet, which is available online and of which this Court shall take judicial notice, does not indicate that that motion has been ruled upon. The last docket entry is dated June 19, 2012, and it states that a bench warrant was issued because Petitioner "failed to appear for Fines and Cost Court on Tuesday, June 19, 2012."

Petitioner commenced this federal habeas action with this Court at the very earliest on December 8, 2011, which is the date that he submitted the instant petition for a writ of habeas corpus in the prison mailing system. He raises one claim: that his rights under the Double Jeopardy Clause were violated because "charges arising from same criminal episode were brought and prosecuted separately, resulting in separate convictions and sentences." [ECF No. 3 at 5].

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). In their Answer [ECF No. 9], Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). They also contend that Petitioner failed to exhaust his claim and, therefore, has procedurally defaulted it. Finally, they contend that Petitioner's claim has no merit.

Petitioner has filed a Traverse [ECF No. 11], and this case is ripe for review.

**B.     Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[3] As set forth above, Petitioner's judgment of sentence became final on or around June 8, 2009. Accordingly, he had until or around June 8, 2010, to file a timely petition for a writ of habeas corpus with this Court. The instant petition, which he submitted for filing on December 8, 2011, missed AEDPA's deadline by approximately 18 months.

---

[3]     Nothing in the record in this action supports Petitioner's assertion that he is entitled to take advantage of the provision triggering the one-year limitations period for newly-discovered evidence. He has not shown that his claim is based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to *equitable tolling* in appropriate cases."[4] Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010) (emphasis added). Petitioner would be entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562 (emphasis added). See also Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). "Mere excusable neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 619 (3d Cir. 1998). The Third Circuit Court of Appeals has explained:

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller, 145 F.3d at 618.

Sistrunk, 674 F.3d at 190.

Petitioner has not demonstrated that equitable tolling is applicable to this case. Accordingly, his petition for a writ of habeas corpus should be denied as untimely.

Although the petition is clearly untimely, it could also be denied because Petitioner failed to exhaust his double jeopardy claim. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of

---

[4]     AEDPA provides for *statutory tolling* at 28 U.S.C. § 2244(d)(2), which states: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." There is no basis to apply statutory tolling in this case. Petitioner began to file motions with the Court of Common Pleas to vacate his May 8, 2009, judgment of sentence in 2011. There were no "properly filed application for State post-conviction or other collateral review" submitted by him during the relevant time period (between June 8, 2009 (the date his judgment of sentence became final), and on or around June 8, 2010 (the last date upon which he could have filed a timely federal habeas petition)).

state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan

v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and
> prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit
> Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).
> Under our federal system, the federal and state "courts [are] equally bound to guard and
> protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct.
> 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a
> federal district court to upset a state court conviction without an opportunity to the state
> courts to correct a constitutional violation," federal courts apply the doctrine of comity,
> which "teaches that one court should defer action on causes properly within its
> jurisdiction until the courts of another sovereignty with concurrent powers, and already
> cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v.
> Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v.
> Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that
> the exhaustion requirement "serves to minimize friction between our federal and state
> systems of justice by allowing the State an initial opportunity to pass upon and correct
> alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the

state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b));

O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement generally means that a petitioner in a

non-capital case must have presented every federal constitutional claim raised in his habeas petition to

the Common Pleas Court and then to the Superior Court either in a direct appeal or a PCRA proceeding.

See, e.g., Lambert, 387 F.3d at 233-34.

Petitioner could have raised his double jeopardy claim in a direct appeal to the Superior Court of

Pennsylvania. If he faults Attorney Hessley for failing to litigate it, Petitioner should have filed a timely

PCRA motion claiming that Hessley provided him with ineffective assistance of counsel in that regard.

Because Petitioner did neither of those things, he has procedurally defaulted his double jeopardy claim.

See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the

exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Finally, the petition could also be denied for the alternative reason that Petitioner's double jeopardy claim is without merit. The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. See, e.g., North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

Petitioner's allegations do not implicate the Double Jeopardy Clause. He claims that the charges lodged against him for manufacturing and detonating a pipe bomb at Criminal Docket No. 460 of 2008, were required to be prosecuted with the defiant trespass charge at Criminal Docket No. 339 of 2008 because "both cases … arose on 6 July 2008" and "[t]he storage of such bombs at 31 South St. Warren, PA was a continuum" of the trespass and, therefore, "18 Pa.C.S.A. sec. 110 require[d] [that] such offenses … be joined (Compulsory Joinder Rule) for purposes of trial." [ECF No. 3-1 at 2].

Petitioner's claim implicates only an alleged error of state law.[5] Under 28 U.S.C. § 2254, habeas relief is only available on the grounds that Petitioner's judgment of sentence is violative of his *federal*

---

[5]     As for Petitioner's conclusory allegation that his double jeopardy rights were violated, the Supreme Court held in Mayle v. Felix, 545 U.S. 644, 649 (2005), that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

*constitutional rights*. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Based upon all of the forgoing, the petition for a writ of habeas corpus should be denied.

## C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claim should be denied. Accordingly, a certificate of appealability should be denied.

---

Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Id. at 656 (emphasis added). Merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  November 27, 2012

cc:    The Honorable Maurice B. Cohill
       United States District Judge